UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Steven C. Mannion |
| v. | : | Mag. No. 18-6202 |
| ALIA IMAD FALEH AL HUNAITY, a/k/a "Alia Al Qaterneh" | : | **CRIMINAL COMPLAINT** |

I, Ronald Conyers, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

**SEE ATTACHMENT A**

I further state that I am a Special Agent with the United States Homeland Security Investigations ("HSI"), and that this complaint is based on the following facts:

**SEE ATTACHMENT B**

Continued on the attached page and made a part hereof:

*Ronald Conyers*
Ronald Conyers, Special Agent
U.S. Homeland Security Investigations

Sworn to before me and subscribed in my presence,
September 17, 2018 in Essex County, New Jersey

HONORABLE STEVEN C. MANNION
UNITED STATES MAGISTRATE JUDGE

## **ATTACHMENT A**

## **Harboring an Illegal Alien**

From in or around July 2009 to on or about September 18, 2018, in the District of New Jersey and elsewhere, the defendant,

**ALIA IMAD FALEH AL HUNAITY,**
a/k/a "Alia Al Qaterneh,"

knowing and in reckless disregard of the fact that an alien, namely, Victim-1, had come to, entered and remained in the United States in violation of law, did conceal, harbor, and shield from detection such alien in buildings and other places for the purpose of private financial gain.

In violation of Title 8, United States Code, Section 1324(a)(1)(A)(iii).

## ATTACHMENT B

   I, Ronald Conyers, am a Special Agent, with the United States Homeland Security Investigations ("HSI"). I have knowledge of the following facts based upon both my investigation and discussions with other law enforcement personnel and others. Because this affidavit is being submitted for the limited purpose of establishing probable cause to support the issuance of a complaint, I have not set forth each and every fact that I know concerning this investigation. Where statements of others are related herein, they are related in substance and part. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged.

## INVESTIGATION

   1. During an investigation, HSI learned that defendant Alia Imad Faleh Al Hunaity, a/k/a "Alia Al Qaterneh" ("Hunaity"), an adult female and naturalized United States citizen from Jordan, was holding an adult, Sri Lankan national, ("Victim-1"), at Hunaity's residence in Secaucus, New Jersey ("the Residence"), against Victim-1's will. HSI also learned that Huanity was forcing Victim-1 to work, but not paying Victim-1 for Victim-1's services. Additionally, as discussed below, Huanity took additional steps to hide Victim-1 from the detection of the immigration authorities.

   2. Law enforcement learned that Victim-1 came to the United States from Jordan, in order to care for Hunaity's three children, on a temporary visa in or around 2009. Victim-1 previously worked as a servant for Hunaity's parents in Jordan. Victim-1's visa expired after three months, but Huanity did not permit Victim-1 to leave after the visa expired. Indeed, Huanity caused Victim-1 to overstay Victim-1's visa. Thereafter, Victim-1 remained in the United States illegally until the present, living exclusively with Hunaity and Huanity's children.

   3. The investigation revealed that Hunaity forced Victim-1 to remain in the Residence, as well as a previous address, and to serve as a domestic worker for Hunaity and her family without pay for approximately ten years. Although Hunaity had agreed to pay Victim-1 approximately $150 a month for her/his services, and to hold the money in a bank account on behalf of Victim-1, Victim-1 never received any of those funds nor information on such a bank account. The investigation revealed that, on at least two occasions, Hunaity struck Victim-1 because she did not like Victim-1's behavior, such as wearing clothes that Hunaity considered too tight and bothering Hunaity with phone calls while Hunaity was at work.

   4. Victim-1 was required to care for Hunaity's three children, to cook, and to clean the Residence. Huanity also limited Victim-1's outside interactions with the world. For example, Victim-1 could only leave the

Residence, without the supervision of Hunaity, in order to take the children to and from the school bus stop.

5. The Residence was occupied by Hunaity, her three children, and Victim-1. While Victim-1 worked for Huanity and her family, Victim-1 slept on a bed placed in the kitchen.

6. Although, based on the investigation, Victim-1 appears to have access to Victim-1's Sri Lankan passport, the document is kept hidden in a closet in the children's bedroom in the Residence.

7. On or about April 11, 2018, Hunaity—who is divorced from the father of her children—forced Victim-1 to marry her for the purpose of helping Victim-1 obtain legal status in the United States. According to Victim-1, the marriage is not real and is only to deal with Victim-1's immigration status. No subsequent actions have been taken toward obtaining Victim-1's legal status, and Victim-1 remains an illegal resident of the United States.

8. Based upon witness interviews, and my training and experience, Hunaity both forced Victim-1 to stay in the Residence and married Victim-1 for the purpose of preventing detection of Victim-1's illegal residency by law enforcement in the United States, so that Victim-1 could continue to obtain a fraudulent gain, in that, Victim-1 would continue to provide domestic services, free of charge, at the Residence.